UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | CASE NO. 1:10-cr-00484 |
| Plaintiff, | OPINION & ORDER [Resolving Doc. 58] |
| vs. | |
| PIVEC MECHANICAL, LLC, ET AL., | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Westfield Insurance brings fraud, civil conspiracy, and negligent misrepresentation claims against Defendants Pivec Mechanical, Todd Pivec, and RSC Insurance Brokerage. Plaintiff brings further fraud and breach of fiduciary duty claims against RSC Insurance.[1]

Defendant RSC Insurance now moves to amend the case schedule and requests leave to file cross claims.[2] Defendant Pivec Mechanical[3] and Plaintiff Westfield Insurance[4] oppose.

For the reasons stated below, the Court **PARTIALLY GRANTS** Defendant RSC Insurance's motion for leave to file only cross claims and amends the case schedule accordingly.

I. Discussion

In this action, Plaintiff Westfield Insurance claims Defendants concealed that Defendant Todd Pivec used Westfield-insured cars owned by Defendant Pivec Mechanical.

---

[1] Doc. 1 at 18–32.
[2] Doc. 58.
[3] Doc. 62.
[4] Doc. 61.

Case No. 1:20-cv-00234
Gwin, J.

Defendant Todd Pivec caused a fatal car crash while under the influence of alcohol.[5] Plaintiff says it "unknowingly insured a risk it would not have otherwise underwritten and was required to defend and indemnify [that risk]."[6]

The Court earlier established a June 6, 2020, deadline for amending pleadings. On December 14, 2020, Defendant RSC Insurance filed a motion for leave to file cross claims and to amend the scheduling order. Defendant RSC Insurance argues that discovery delays and recent depositions created new liability issues. RSC Insurance alleges that Co-Defendants failed to "disclose significant information."[7] RSC Insurance requests leave to file cross claims against Defendants Todd Pivec and Pivec Mechanical, as well potentially file other third party claims, in light of new information.[8]

In response, Plaintiff and Defendant Pivec Mechanical dispute that there is new information to support cross claims.[9] They assert that RSC Insurance has not demonstrated good cause to amend its pleadings[10] and that Defendant RSC Insurance is merely seeking to delay the case with unspecified additional claims.[11] They argue that additional claims this close to the end of discovery would be prejudicial.[12]

Federal Rule of Civil Procedure 16(b)(4) provides that a party may move to amend a scheduling order "for good cause and with the judge's consent."[13] Then, Federal Rule of Civil Procedure 15(a)(2) permits a court to "freely" give a party leave to amend its pleadings

---

[5] Doc. 1 at 1–2.
[6] *Id.*
[7] Doc. 58 at 4.
[8] *Id.* at 5.
[9] Doc. 61 at 3; Doc. 62.
[10] Doc. 61 at 4–6.
[11] *Id.* at 7–8, 9.
[12] *Id.* at 10–11.
[13] Fed. R. Civ. P. 16(b)(4).

-2-

Case No. 1:20-cv-00234
Gwin, J.

after the amendment deadline "when justice so requires."[14]

Rule 16's good cause requirement primarily focuses on whether the movant diligently tried to meet the case management order's deadlines.[15] The Court also considers possible prejudice to the non-moving party in determining whether the moving party has shown good cause.[16]

Although Defendant RSC Insurance does not provide much detail, the Court finds that RSC Insurance has shown sufficient good cause because its new cross claims arguably come from new information related to Plaintiff's claims.

Defendant RSC's cross claims do not cause undue prejudice. RSC's cross claims seem to largely track Plaintiff Westfield's claims against Defendants Todd Pivec and Pivec Mechanical.[17]

Plaintiff Westfield's argument that RSC Insurance should have anticipated that multiple witnesses would assert their Fifth Amendment rights is unconvincing, and RSC Insurance's cross-claims proposal is not as substance-free as Westfield argues.[18] Further, an amendment to add cross claims "promotes judicial economy and prevents piecemeal litigation."[19]

However, the Court also finds that, absent more information, Plaintiff has not shown good cause to permit the addition of "possibl[e] . . . third party claims, to address new facts

---

[14] Fed. R. Civ. P. 15(a)(2).
[15] *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).
[16] *Id.*
[17] Doc. 58 at 4. ("As with Plaintiff, RSC is entitled to relief from Defendants Todd Pivec and Pivec Mechanical and other possible third parties for their fraudulent or negligent actions affecting the subject Westfield commercial automobile policy of insurance.")
[18] Doc. 61 at 7, 9.
[19] *Callaway v. DenOne LLC*, No. 1:18-cv-1981, 2019 WL 1090346, at *4 (N.D. Ohio Mar. 8, 2019).

Case No. 1:20-cv-00234
Gwin, J.

and liability concerns learned and raised during recent discovery."[20] Plaintiff neither indicated who these third parties could be nor gave any substance or context for the new facts and liability concerns that require claims against additional parties. The Court does not have enough information to make a good cause determination.

## II.  Conclusion

For the foregoing reasons, the Court **PARTIALLY GRANTS** Defendant RSC Insurance's motion for leave to file only cross claims and amend the case schedule. Defendant RSC Insurance must file any cross claims by January 7, 2021. Any responses must be filed by January 28, 2021.[21] The Court denies RSC Insurance's motion to otherwise amend the case management schedule.

IT IS SO ORDERED.

Dated: December 30, 2020                             s/      James S. Gwin
                                                                                  JAMES S. GWIN
                                                                                  UNITED STATES DISTRICT JUDGE

---

[20] Doc. 58 at 5.
[21] Fed. R. Civ. P. 12(a)(1)(b) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.").